**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Case No. 1:26-cv-383**

| | | |
|---|---|---|
| WILLIAM YELTON, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br>v.<br><br>FREEDOMROADS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CLASS ACTION COMPLAINT** |

Plaintiff William Yelton brings this class action against FreedomRoads, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

**1.** This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA") and the North Carolina Telephone Solicitations Act ("NCTSA"), N.C. Gen. Stat. § 75-100 et seq.

**2.** To promote its goods and services, Defendant engages in unsolicited telemarketing calls.

**3.** Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct and statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

**4.** This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

**5.** This Court has supplemental jurisdiction over Plaintiff's claims under the NCTSA, pursuant to 28 U.S.C. § 1367(a), because those claims arise from the same telephone solicitation practices and form part of the same case or controversy as Plaintiff's federal claims.

**6.** This Court also has original jurisdiction over this action, including the NCTSA claims, under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Each of the proposed Classes has more than 100 members. The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, given the statutory damages of up to $1,500 per call available under 47 U.S.C. § 227(c)(5) and the statutory damages of $500, $1,000, and $5,000 per violation available under N.C. Gen. Stat. § 75-105(b)(2). And at least one member of the Classes, including Plaintiff, a citizen of North Carolina, is a citizen of a State different from Defendant, which is a citizen of Minnesota, the State under whose laws it is organized. See 28 U.S.C. § 1332(d)(10).

**7.** The Court has specific personal jurisdiction over Defendant because Defendant directed the telephone solicitations at issue to Plaintiff in North Carolina, and Plaintiff's claims arise out of those North Carolina contacts. Plaintiff resides in Rutherford County, North Carolina, and he was physically present in North Carolina when he received each of the calls identified below.

**8.** Defendant's North Carolina contacts go well beyond dialing a North Carolina telephone number. Defendant operates Camping World dealerships in North Carolina, including Camping World of Fayetteville in Fayetteville, North Carolina. Fourteen of the calls to Plaintiff came from (910) 729-6343, the number for Defendant's Fayetteville dealership, and on July 10, 2025, a caller from that number left a voicemail identifying herself as "Tara with Camping World of Fayetteville." Defendant's sales personnel in North Carolina thus placed telephone solicitations from North Carolina to a North Carolina resident in North Carolina. Defendant is also registered with the North Carolina Secretary of State to transact business in this State.

**9.** Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred here: Defendant directed its calls to Plaintiff's telephone number in this District, and Plaintiff received those calls here.

**PARTIES**

**10.** Plaintiff is a natural person who, at all times relevant to this action, was a citizen and resident of Rutherford County, North Carolina which is located within this District.

**11.** Defendant is a Minnesota limited liability company headquartered in Lincolnshire, Lake County, Illinois. Defendant does business as Camping World and owns and operates Camping World recreational vehicle ("RV") dealerships throughout the United States, including in North Carolina. Defendant is a "telephone solicitor" covered by the NCTSA because it does business in North Carolina, operates at least one dealership in North Carolina, and makes telephone solicitations to North Carolina citizens like Plaintiff and the NCTSA Class Members. *See* N.C. Gen. Stat. §§ 75-101(4), (10).

**FACTS**

**12.** Defendant is a national RV retailer that places outbound calls to consumer telephone numbers, including wireless phone numbers, as part of its efforts to generate RV sales.

**13.** Plaintiff is the regular and sole user of his cellular telephone number—(XXX) XXX-5309.

**14.** Plaintiff uses telephone number XXX-XXX-5309 as his personal number.

**15.** It is his residential telephone number.

**16.** Plaintiff uses his telephone number primarily to communicate with friends and family, and to schedule personal appointments and for other household purposes.

**17.** Plaintiff is not reimbursed by a business for his cell phone plan.

**18.** Plaintiff has never used his cell phone number in any business or marketing materials.

**19.** Plaintiff registered his telephone number with the National DNC Registry on May 26, 2017.f

**20.** Plaintiff has no relationship with the Defendant.

**21.** Plaintiff never provided his telephone number to Defendant, never gave permission for Defendant to contact him, and has never been a customer of Defendant's.

**22.** Plaintiff has never visited a Camping World dealership, has never asked Defendant for information about buying, renting, or financing an RV, and has never submitted his telephone number to Defendant through any website, online form, RV listing site, or third-party lead-generation service.

**23.** Plaintiff has never purchased, rented, leased, or financed any goods or services from Defendant or from any company affiliated with Defendant, including Camping World and Good Sam.

**24.** Despite this, Defendant made at least 41 calls to Plaintiff's cell phone number.

**25.** Those calls are as follows:

| Call No. | Date | Time (UTC) | From |
|---|---|---|---|
| 1 | February 24, 2025 | 9:55 PM | (334) 249-1109 |
| 2 | February 25, 2025 | 4:39 PM | (334) 249-1109 |
| 3 | March 3, 2025 | 7:34 PM | (334) 249-1109 |
| 4 | March 6, 2025 | 10:07 PM | (334) 249-1109 |
| 5 | March 11, 2025 | 8:09 PM | (334) 249-1109 |
| 6 | April 2, 2025 | 2:55 PM | (334) 249-1109 |
| 7 | April 7, 2025 | 4:59 PM | (334) 249-1109 |
| 8 | June 12, 2025 | 3:51 PM | (334) 249-1109 |
| 9 | July 10, 2025 | 6:35 PM | (407) 396-2600 |
| 10 | July 10, 2025 | 7:07 PM | (910) 729-6343 |
| 11 | July 12, 2025 | 2:50 PM | (407) 396-2600 |
| 12 | July 13, 2025 | 8:08 PM | (407) 396-2600 |
| 13 | July 14, 2025 | 3:48 PM | (910) 729-6343 |
| 14 | July 15, 2025 | 2:11 PM | (910) 729-6343 |
| 15 | July 15, 2025 | 4:21 PM | (407) 396-2600 |
| 16 | July 16, 2025 | 9:13 PM | (910) 729-6343 |
| 17 | July 17, 2025 | 2:31 PM | (407) 396-2600 |

| | | | |
|---|---|---|---|
| 18 | July 17, 2025 | 4:38 PM | (910) 729-6343 |
| 19 | July 20, 2025 | 7:39 PM | (407) 396-2600 |
| 20 | July 21, 2025 | 7:34 PM | (910) 729-6343 |
| 21 | July 21, 2025 | 7:39 PM | (407) 396-2600 |
| 22 | July 25, 2025 | 1:33 PM | (407) 396-2600 |
| 23 | July 25, 2025 | 4:11 PM | (910) 729-6343 |
| 24 | July 28, 2025 | 2:01 PM | (407) 396-2600 |
| 25 | July 28, 2025 | 3:21 PM | (407) 396-2600 |
| 26 | July 30, 2025 | 2:00 PM | (910) 729-6343 |
| 27 | August 8, 2025 | 6:52 PM | (910) 729-6343 |
| 28 | August 9, 2025 | 4:49 PM | (407) 396-2600 |
| 29 | August 15, 2025 | 3:54 PM | (407) 396-2600 |
| 30 | August 21, 2025 | 10:24 PM | (334) 249-1109 |
| 31 | August 23, 2025 | 3:58 PM | (407) 396-2600 |
| 32 | August 23, 2025 | 6:49 PM | (910) 729-6343 |
| 33 | August 30, 2025 | 8:53 PM | (910) 729-6343 |
| 34 | September 1, 2025 | 9:50 PM | (910) 729-6343 |
| 35 | September 4, 2025 | 7:01 PM | (910) 729-6343 |
| 36 | September 8, 2025 | 4:21 PM | (407) 396-2600 |
| 37 | September 10, 2025 | 7:35 PM | (910) 729-6343 |
| 38 | September 13, 2025 | 4:32 PM | (407) 396-2600 |
| 39 | September 18, 2025 | 5:25 PM | (334) 249-1109 |
| 40 | September 20, 2025 | 6:15 PM | (407) 396-2600 |
| 41 | October 3, 2025 | 2:13 PM | (334) 384-8751 |

**26.** Defendant placed those calls to further its sales efforts.

**27.** For example, a voicemail left on April 2, 2025 stated, “Good afternoon, William. Good morning, William [sic]. This is Jessica reaching out to you from Camping World in Salem, Alabama. I have some great news I would love to share with you. If you could please reach me by phone or text at 334-471-5305. Have a great day.”

**28.** On July 10, 2025, Defendant left a voicemail that stated, “This is Tara with Camping World of Fayetteville. I have some exciting news to share with you. When you get a chance, give me a

call at 910-729-6343. I'm also going to leave you an email and I have my contact information in it. I look forward to hearing from you. Thank you."

**29.** Defendant left another voicemail on August 15, 2025 from a sales associate stating, "Hey, what's going on, William? This is Frankie. I'm a sales associate here at Camping World, Kissimmee. Just reaching out to see how your RV search was going and to see if I can help out in any way. If you get the message, give me a call back here at 407-396-2600. Number again is 407-396-2600. My extension is 2600. I'm here to help."

**30.** These calls were telephone solicitations made for the purpose of encouraging Plaintiff to purchase recreational vehicles from Defendant.

**31.** The calls were placed by Defendant's sales representatives, who sought to engage Plaintiff in discussions concerning Defendant's recreational vehicles and sales opportunities.

**32.** Each voicemail came from a Camping World sales associate and invited Plaintiff to call back to hear "great news" or "exciting news," or to get help buying an RV. The August 15, 2025 voicemail's reference to Plaintiff's RV "search" was a sales pitch, not a response to anything Plaintiff did: Plaintiff was not searching for an RV and had not contacted Defendant. Viewed in context, the purpose of every call was to encourage Plaintiff to purchase an RV from Defendant, even though not every voicemail stated an express sales offer.

**33.** None of Defendant's calls to Plaintiff's phone had an emergency purpose.

**34.** The calls were made more than 30 days after Plaintiff registered his cellular telephone number with the National DNC Registry.

**35.** The calls were not isolated or accidental. Defendant called Plaintiff at least 41 times over more than seven months, from four different telephone numbers, through sales personnel at Camping World dealerships in at least three States: Alabama, Florida, and North Carolina. Upon

information and belief, that pattern reflects Defendant's practice of circulating consumers' telephone numbers among its dealerships for sales follow-up without checking those numbers against the National Do Not Call Registry.

**36.** It is not impossible for Defendant to comply with the NCTSA in the context of making calls.

**37.** The burden and cost to Defendant of complying with NCTSA is nominal.

**38.** Compliance with the NCTSA will not result in Defendant having to cease its business operations.

**39.** Compliance with the NCTSA will not result in Defendant having to alter the prices of any goods or services it provides in the marketplace.

**40.** Compliance with the NCTSA will not force Defendant to seek regulatory approval from the state of North Carolina before undertaking any type of commercial transaction.

**41.** Defendant's calls caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, nuisance, intrusion upon seclusion and violation of their statutory privacy rights. Defendant's calls also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

**42.** Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

**43.** Plaintiff brings this case on behalf of the Classes defined as follows:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this

Complaint to trial.

> **<u>NCTSA Class</u>:** All persons residing in North Carolina whose: (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received a telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

**44.** Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

**45.** Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

**46.** Upon information and belief, Defendant has made telemarketing calls to the telephone numbers of thousands of consumers throughout the United States, including in North Carolina, whose numbers are on the National Do Not Call Registry, without their signed, written invitation or permission. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**47.** The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's calling records.

**48.** There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

- **a.** Whether Defendant initiated calls to Plaintiff and the Class members;
- **b.** Whether Defendant initiated calls to individuals whose numbers were on the National Do Not Call Registry;

**c.** Whether Defendant violated N.C. Gen. Stat. § 75-102(a) and (d); and

**d.** Whether Defendant is liable for damages, and the amount of such damages.

**49.** The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places telemarketing calls to telephone numbers on the National Do Not Call Registry is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**50.** Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**51.** Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**52.** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

**53.** The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.

Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**<u>Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)</u>**
**(On Behalf of Plaintiff and the National DNC Class)**

**54.** Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

**55.** The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**56.** Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**57.** Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

**58.** Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the National DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**59.** Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and National DNC Class members received more than one call in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

**60.** As a result of Defendant's conduct as alleged herein, Plaintiff and the National DNC Class members suffered actual damages and, under 47 U.S.C. § 227(c)(5), are entitled to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the National DNC Class.

**COUNT II**
**Violations of N.C. Gen. Stat. § 75-102(a) and (d)**
**(On Behalf of Plaintiff and the NCTSA Class)**

**61.** Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

**62.** Plaintiff is a "telephone subscriber" entitled to bring a claim under the NCTSA. *See* N.C. Gen. Stat. §§ 75-101(11), 75-105(b).

**63.** Defendant is a "telephone solicitor" doing business in North Carolina and making or attempting to make telephone solicitations in this state. *See* N.C. Gen. Stat. § 75-101(4), (10).

**64.** Defendant's calls to Plaintiff and the Class Members are "telephone solicitation[s]" because the purpose of those calls was to encourage Plaintiff and the Class Members to purchase Defendant's goods.

**65.** Defendant violated N.C. Gen. Stat. § 75-102(a) by initiating telephone solicitations to Plaintiff and the NCTSA Class members whose telephone numbers appeared on the National Do Not Call Registry.

**66.** Defendant initiated at least 41 telephone solicitation calls to Plaintiff's telephone number between February 24, 2025, and October 3, 2025, despite Plaintiff having registered his telephone number on the National Do Not Call Registry on May 26, 2017.

**67.** Upon information and belief, Defendant failed to implement and maintain adequate systems and written procedures to prevent telephone solicitations to subscribers whose telephone numbers appeared on the National Do Not Call Registry, and failed to adequately train, monitor, and enforce compliance by its employees and agents, in violation of N.C. Gen. Stat. § 75-102(d). The number and frequency of the calls to Plaintiff, placed by sales personnel at multiple dealerships in multiple States, show that Defendant had no effective procedures for scrubbing its call lists against the National Do Not Call Registry.

**68.** Under N.C. Gen. Stat. § 75-105(b)(2), Plaintiff and each NCTSA Class member are entitled to statutory damages of $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and each later violation within two years of the first violation.

**69.** Defendant's violations were willful and were not the result of mistake, as shown by the facts alleged in paragraphs 24 through 35. Plaintiff and the NCTSA Class members are therefore entitled to injunctive relief under N.C. Gen. Stat. § 75-105(b)(1) and to their reasonable attorneys' fees under N.C. Gen. Stat. § 75-105(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the National DNC Class under 47 U.S.C. § 227(c)(5), trebled for willful or knowing violations;

c) An award of statutory damages for Plaintiff and each member of the NCTSA Class under N.C. Gen. Stat. § 75-105(b)(2);

d) An order declaring that Defendant's actions, as set out above, violate the TCPA and NCTSA;

e) An injunction under 47 U.S.C. § 227(c)(5)(A) and N.C. Gen. Stat. § 75-105(b)(1) prohibiting Defendant from making telephone solicitations to telephone numbers on the National Do Not Call Registry without the required invitation or permission;

f) An award of reasonable attorneys' fees under N.C. Gen. Stat. § 75-105(d), and costs; and

g) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: November 9, 2026.

**BY:** *<u>/s/ Karl S. Gwaltney</u>*

Karl S. Gwaltney (N.C. State Bar No. 45118)
Maginnis Howard
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel: 919-526-0450
kgwaltney@carolinalaw.com
*Local Civil Rule 83.1 Counsel for Plaintiff*

*<u>/s/ Anthony I. Paronich</u>*

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510

anthony@paronichlaw.com

*Counsel for Plaintiff*
**Pro Hac Vice Forthcoming**